COMMONWEALTH *vs.* SKENDER BLADSA.

Suffolk.    April 3, 1972. — October 27, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Evidence,* Competency, Hearsay, Of sexual misbehavior, Sex offender.

In a proceeding under G. L. c. 123A, § 6, to commit an individual to an institution as a sexually dangerous person, it was error for the judge to admit hearsay evidence, obtained from police reports, of prior sexual offenses committed by the defendant where such evidence was not within the limited exceptions provided by G. L. c. 123A, §§ 4 and 5, for the defendant's past criminal and psychiatric records, and any psychiatric report filed under c. 123A. [540–542]

In a proceeding under G. L. c. 123A, § 6, to commit an individual to an institution as a sexually dangerous person, it was error for the judge to exclude questions regarding treatment available at an institution constituting one of the alternatives provided by the statute for disposition of the case. [542]

PETITION for commitment filed in the Superior Court on January 16, 1970.

The case was heard by *Paquet,* J.

*Reuben Goodman* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, J.   The case before us is an outline bill of exceptions arising out of a petition pursuant to G. L. c. 123A, § 6, as amended, to commit the defendant as a sexually dangerous person.   The defendant is presently serving a sentence imposed on January 23, 1968, in the Massachusetts Correctional Institution at Walpole, for the offence of indecent assault and battery on a child under the age of fourteen years.   The defendant's exceptions relate to certain of the judge's rulings on evidence, and to the order committing the defendant as a sexually dangerous person.

1. Two psychiatrists, who were introduced as witnesses by the Commonwealth, rendered opinions, over the objections and exceptions of the defendant, that the defendant was sexually dangerous.   They also testified in detail as to many sex offences committed by the defendant involving young boys, all of which information they had obtained from police reports and "the official police version."   It was error to admit the evidence of the sex offences.   Although there was other competent evidence tending to show that the defendant was sexually dangerous, in the opinion of a majority of the court we are not dealing here with harmless error, since in his findings the judge expressly based his decision and order, at least in part, on the inadmissible evidence.

The evidence of sexual misbehavior was obviously hearsay, and since it was not made admissible under the statutes it ought not to have been received.   Our particular concern here is not with the statutory provisions for the supplying of information and records to psychiatrists, but with the admissibility in evidence of

that information and those records. Although this is a proceeding under G. L. c. 123A, § 6, we must look to the provisions concerning evidence as found in G. L. c. 123A, §§ 4 and 5.[1] Section 4 provides that examining psychiatrists are to have access to court records and certain particularly described probation records, but does not address itself to the admissibility of evidence. On the other hand, § 5 provides that past criminal and psychiatric records of the defendant, and any psychiatric report filed under c. 123A, shall be admissible in evidence. The police reports and "the official police version" here admitted do not come within these statutory provisions. We do not read the more general language of § 5, as appearing in St. 1958, c. 646, § 1 ("it shall be competent to introduce . . . any other evidence that tends to indicate that he is a sexually dangerous person"), as authorizing the admission of otherwise inadmissible evidence. It would be inappropriate to conclude otherwise, since these proceedings may result in the commitment of the defendant to an institution.

We conclude that the only evidence which is rendered admissible by the terms of G. L. c. 123A, §§ 4, 5 and 6, is that described in § 5, viz.: past criminal and psychiatric records of the defendant, and any psychiatric report filed under c. 123A.[2] The Commonwealth contends that our holdings in *Commonwealth* v. *McGruder*, 348 Mass. 712, are supportive of the judge's unlimited admission of the contested evidence in the instant case. We do not agree. The *McGruder* case decided that opinions of certain psychiatric witnesses were admissible in evidence. It did not decide whether the hearsay information which had been provided to the psychiatrists in that case was admissible. If, as the Commonwealth now contends, there is language in the *McGruder* case

---

[1] Section 6, as amended through St. 1969, c. 838, § 58, provides that "[t]he court . . . shall commit such person under the provisions of section four in so far as may be applicable. . . . The hearing shall be conducted in the manner prescribed in section five."

[2] Of course, the admissibility of any other evidence in these proceedings is governed by the law of evidence.

which is inconsistent with our present holdings, then we no longer follow that language.

Whether an interpretation of the statutes which would render this kind of hearsay admissible might be erroneous for constitutional reasons we need not now inquire. Cf. *Specht* v. *Patterson,* 386 U. S. 605; *Peterson, petitioner,* 354 Mass. 110, denial of habeas corpus affirmed sub nom. *Peterson* v. *Gaughan,* 404 F. 2d 1375 (1st Cir.); *In re Gault,* 387 U. S. 1; *United States ex. rel. Gerchman* v. *Maroney,* 355 F. 2d 302 (3d Cir.).

2. Because the issue is likely to recur at the rehearing of this matter, we rule upon the only other exception argued by the defendant. This relates to the judge's exclusion of questions addressed to psychiatrists by defence counsel concerning the treatment available at the Bridgewater treatment center for this defendant. These questions should have been admitted. They were relevant to the issue of the appropriate disposition of the case among the several alternatives provided by the statute, which included commitment to the Bridgewater treatment center.

*Exceptions sustained.*