COMMONWEALTH *vs.* WALTER CHILDS.

Bristol.    November 1, 1976. — February 17, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & WILKINS, JJ.

*Sex Offender.    Practice, Civil,* Sex offender.    *Evidence,* Of sexual misbehavior, Sex offender.

Where a defendant, who was committed to the Massachusetts Correctional Institution at Bridgewater for a sixty-day period under G. L. c. 123A, § 6, refused a psychiatric examination and a psychiatrist thereafter reported that he could not make a diagnosis on the basis of the defendant's record as to whether he was a sexually dangerous person, there was no basis on which the Commonwealth could file a petition for commitment under § 6. [27-30]

A psychiatrist's report as to whether a prisoner is a sexually dangerous person under G. L. c. 123A, § 6, does not have to be based on an interview with the prisoner. [29-30]

MOTION for commitment filed in the Superior Court on August 13, 1975.

Questions of law were reported by *Taveira,* J., to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Susan J. Baronoff (David T. Turcotte* with her) for the defendant.

*Earl M. Seligman,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J.    This case arises from preliminary steps taken by the Commonwealth to determine whether the defendant is a sexually dangerous person (SDP) under

G. L. c. 123A, §§ 1, 6. After the superintendent of Massachusetts Correctional Institution at Concord (Concord) filed a preliminary motion requesting a psychiatric examination and diagnosis, and before the Commonwealth filed a formal petition for the adjudication and commitment of the defendant as an SDP, the defendant filed a motion to dismiss without making precisely clear what was to be dismissed. A judge of the Superior Court thereupon reported two questions for our resolution[1]: 1. "In a fact situation as is presented, should the sexually dangerous proceedings be dismissed, as requested by the defendant Walter R. Childs?" and 2. "Is it permissible, without the aid of psychiatric evidence, for the Court to find beyond a reasonable doubt, that the defendant is a sexually dangerous person?"

For reasons more fully explored hereafter, we answer the first question in the negative. There is at this time no pending petition by the Commonwealth seeking the defendant's commitment, and a seemingly insuperable obstacle prevents the Commonwealth from seeking commitment based on the current record. There is hence nothing to dismiss. This decision renders unnecessary any determination of the second reported question.

We summarize the facts contained in the record which is comprised of the judge's report, a so called "Sex Offender Summary"[2] supplied by the superintendent to the Superior Court, and a psychiatric report by Dr. Daniel M. Weiss based on an interview with the defendant and reference to records of the Department of Correction.

On November 25, 1974, the defendant pleaded guilty to three related charges for each of which he was sentenced to Concord for the following terms: assault with intent

---

[1] The judge addressed his report to this court. The case was docketed in the Appeals Court, and was transferred here on our own motion. G. L. c. 211A, § 10 (A).

[2] This report contained (1) a detailed description of the facts underlying the charges to which the defendant pleaded guilty, (2) the defendant's prior criminal record, (3) a social history, (4) a military history.

to rape (twelve years), assault with a dangerous weapon (twelve years, concurrent), assault with intent to murder (ten years, concurrent), all arising out of a single event, and a separate charge of assault with a dangerous weapon (five years, concurrent). He was thereafter committed to Concord to serve these sentences.

At the request of the superintendent, acting under G. L. c. 123A, § 6, the defendant was examined by Dr. Weiss, consultant psychiatrist to the Department of Mental Health. Dr. Weiss reported that the defendant ought to be observed at the treatment center at the Massachusetts Correctional Institution at Bridgewater (Bridgewater) because of "the possibility that he might be a sexually dangerous person."

The superintendent then filed a motion in the Superior Court for the commitment of the defendant to Bridgewater for a period not exceeding sixty days for examination and diagnosis under G. L. c. 123A, § 6, and the motion was allowed.

While at Bridgewater, the defendant refused to see the two doctors assigned to conduct his psychiatric examination and diagnosis. Dr. Harry L. Kozol, the director of the treatment center, reported to the Superior Court that "[a] diagnosis cannot be made on the basis of subject's record, and we, therefore, are returning Walter Childs to the Massachusetts Correctional Institution at Concord 'undiagnosed.'"

The defendant thereafter filed a "Motion for Determination of Sexually Dangerous Status" and a motion to dismiss which provoked the judge's report of questions to which we now turn.

1. *Motion to dismiss.* The defendant asks that the proceedings against him be dismissed because the psychiatric report submitted by Dr. Kozol does not satisfy the requirement of G. L. c. 123A, § 6, as amended through St. 1974, c. 324, §§ 2, 3, that it "clearly indicate" that he is an SDP. The Commonwealth concedes that the report does not constitute the kind of report required by the statute as a prerequisite to the filing of a petition to commit the

defendant to the treatment center maintained pursuant to G. L. c. 123A, § 2.

A brief description of the statutory procedure for the determination and commitment of SDPs under G. L. c. 123A, § 6, reveals the central importance of this report. Under § 6, the first step occurs when "a prisoner under sentence in any jail, house of correction or prison . . . appears to the . . . [person] who has him in custody . . . to be a sexually dangerous person and in need of the care and treatment provided at the center." The prisoner is thereafter "examined by a psychiatrist at the institution wherein he is confined." If the report by this psychiatrist "indicates that such person may be a sexually dangerous person," the report must be transmitted to the clerk of courts for the county where the person was sentenced together with a motion for the person's commitment to the treatment center for a period not exceeding sixty days of examination and diagnosis. If a judge of the Superior Court grants the motion, the prisoner is temporarily committed under the provisions of G. L. c. 123A, §§ 4, 6. Section 4, as amended through St. 1974, c. 324, § 1, provides for a period not exceeding sixty days for examination and diagnosis "under the supervision of not less than two psychiatrists who shall . . . file with . . . [the] court a written report of such examination and diagnosis, and their recommendations for the disposition of such person."

Once the report of two psychiatrists has been submitted, § 6 provides two alternatives. "If the report . . . indicates that such prisoner is *not* a sexually dangerous person, the court shall order such prisoner to be reconveyed to the institution wherein he was serving his sentence, there to be held until the termination of his sentence or until otherwise discharged" (emphasis added). On the other hand, "If such report *clearly indicates* that such prisoner is a sexually dangerous person" (emphasis added), a petition for commitment is filed and the court holds a hearing to determine whether the prisoner is an SDP.

The statute contemplates a report which either "indicates" that a prisoner is not sexually dangerous, or "clearly

indicates" that a prisoner is sexually dangerous. The report in this case did not clearly indicate that the defendant was an SDP, but neither did it indicate that he was not an SDP. Rather, the report recited that the defendant refused to see the doctors and that a diagnosis could not be made on the basis of his record.

No doubt a diagnosis might have been possible had the defendant agreed to personal interviews with the psychiatrists. See Jacobs, Psychiatric Examinations in the Determination of Sexual Dangerousness in Massachusetts, 10 New England L. Rev. 85 (1974). Yet neither G. L. c. 123A, §§ 4, 5, 6, nor any opinions of this court require that the psychiatric report be based on personal interviews. Indeed, we have explored at some length the various materials other than interviews which may be used in writing the report: (1) "the court record" and the transcript of testimony at prior hearings and trials, G. L. c. 123A, § 4, *Andrews, petitioner,* 368 Mass. 468, 472-475, 477 (1975); (2) "probation records," G. L. c. 123A, § 4, and police and other reports, *Andrews, petitioner, supra* at 473-474, *Commonwealth* v. *Bladsa,* 362 Mass. 539, 540-541 (1972); and (3) "past criminal records," G. L. c. 123A, § 5, *Andrews, petitioner, supra* at 474-475. It may perhaps be appropriate to suggest other sources of information for compiling the psychiatric report: (4) interviews with the family and friends of the defendant, Note, Application of the Fifth Amendment Privilege Against Self-Incrimination to the Civil Commitment Proceeding, Duke L.J. 729, 740-745 (1973); (5) the observations of the defendant by prison officials and the staff of the treatment center, see *Commonwealth* v. *Major,* 354 Mass. 666, 668 (1968), cert. denied, 393 U.S. 1109 (1969); (6) interviews with the victims of crimes of which the defendant has been convicted, Kozol, Boucher, & Garofalo, The Diagnosis and Treatment of Dangerousness, 18 Crime & Delinquency 370, 384 (1972); and (7) physiological and psychological tests, *id.* at 386. Without implying that such a list is exclusive, it is clear that a variety of sources may be used in writing the psychiatric report under G. L. c. 123A, §§ 4, 6. The absence of

personal interviews with the defendant in this case need not by itself have barred the submission of a report which either indicated that the defendant is not an SDP or clearly indicated that the defendant is an SDP.

A report by two psychiatrists which "clearly indicates" that a person is an SDP remains, however, a statutory prerequisite to a petition for commitment. In the absence of such a report, the Commonwealth did not, and cannot, file a petition for commitment of the defendant. For this reason, there is no pending commitment proceeding which can be dismissed, and the answer to the first question must be no.

2. *Psychiatric evidence and commitment as an SDP.* Since there is no commitment proceeding before the court, it is unnecessary to determine to what extent psychiatric evidence is necessary for a determination that a defendant is an SDP.

The case is remanded for further proceedings consistent with this opinion.

*So ordered.*