COMMONWEALTH *vs.* RICHARD HALL. August 23, 1978. On March 17, 1977, the superintendent of the Massachusetts Correctional Institution at Concord, where the defendant was then incarcerated, filed a motion under the first paragraph of G. L. c. 123A, § 6 (as amended through St. 1974, c. 324, §§ 2, 3), to commit the defendant to the treatment center at the Massachusetts Correctional Institution at Bridgewater "for examination and diagnosis for a period not exceeding sixty days." The motion was allowed, and the defendant was examined at Bridgewater by two psychiatrists, who subsequently filed a report as required by G. L. c. 123A, § 4 (as amended by St. 1974, c. 324, § 1). The report disclosed that the psychiatrists disagreed in their diagnoses. One was of the opinion that the defendant "is a Sexually Dangerous Person," while the other was of the opinion that the defendant was "*not* a sexually dangerous person" (emphasis in original). Thereafter the Commonwealth filed a petition for "treatment and rehabilitation" of the defendant as a sexually dangerous person, as provided by the fourth paragraph of § 6. The defendant has appealed from the allowance of that petition, and argues that the Commonwealth's petition should not have been brought, as the psychiatrists' report failed to "clearly indicate" that the defendant was a sexually dangerous person (see the third and fourth paragraphs of § 6). We agree with the defendant's contention. Under § 6, commitment proceedings may be initiated only if the psychiatric report "clearly indicates" that the defendant is a sexually dangerous person. *Commonwealth* v. *Lamb*, 372 Mass. 17, 23 (1977). In the absence of such a report, the Commonwealth "cannot file a petition for commitment." *Commonwealth* v. *Childs*, 372 Mass. 25, 30 (1977). As the statutory report contained totally contradictory opinions, it did not "clearly indicate" that the defendant was a sexually dangerous person. The report in this case is distinguishable from that in *Commonwealth* v. *Lamb, supra*, which contained one unequivocal opinion that the defendant was sexually dangerous and one opinion "that the defendant appeared to be" a sexually dangerous person. 372 Mass. at 18. See also *Commonwealth* v. *Walsh*, 376 Mass. 53, 56-57 (1978). Thus, as the report failed to meet the "threshold requirement" (*Commonwealth* v. *Lamb, supra* at 23) that it clearly indicate that the defendant was

sexually dangerous, the allowance of the present petition was error. The judgment is vacated and the petition is to be dismissed.

*So ordered.*

*David A. Mills* for the defendant.

*Thomas J. Barrett*, Assistant District Attorney, for the Commonwealth.