WILLIAM DONALD DAVIS, petitioner.

Worcester. October 10, 1979. -- November 21, 1979.

Present: GRANT, ARMSTRONG, & KASS, JJ.

*Sex Offender. Evidence,* Sex offender, Hearsay.

In a proceeding under G. L. c. 123A, § 5, the judge erred in admitting testimony of a pyschologist as to a report of the staff of the treatment center for the sexually dangerous at M.C.I. Bridgewater which constituted a consensus reached by unidentified members of the staff on the question of the defendant's sexual dangerousness. [734-736]

PETITION filed in the Superior Court on March 14, 1978.

The case was heard by *Meagher, J.*

*Stuart J. Lawlor* for the petitioner.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.

GRANT, J. The petitioner has appealed from a decision of the Superior Court denying his petition under G. L. c. 123A, § 9, for release from the center for the treatment of the sexually dangerous which is maintained by the Commissioner of Mental Health at the Massachusetts Correctional Institution at Bridgewater (center).

The Commonwealth's first two witnesses were psychi-
atrists who testified to their respective opinions that the
petitioner was no longer a sexually dangerous person
(SDP) within the meaning of G. L. c. 123A, § 1.[1] The
Commonwealth's third and last witness identified him-
self as a nine-year member of the center staff and the
holder of a bachelor's degree in psychology, and testified
that he was responsible for coordinating the "gradual re-
lease" program at the center; that he was "assigned to
represent the Department of Mental Health's position in
Section nine cases"; and that he appeared as "the
spokesman for the Department." The witness had with
him the center's entire file on the petitioner, but no part
of the file was offered in evidence. He testified that the
department recommended denial of the petition. Over
the petitioner's objection the witness was then permitted
to give the following as the basis of the Department's
recommendation: "It is the general feeling of the staff at
the Treatment Center that Mr. Davis has not made pro-
gress enough to warrant his safe return to the communi-
ty. We feel that what contributed to his becoming a risk
previously was his passivity and his inadequacy in run-
ning his own life effectively, and giving any positive
signs of being in control. Within the restricted environ-
ment of the Treatment Center, he has resorted to
passive, dependent relationships with another patient
and with a corrections officer. And it is felt that without
the supports of these very intense relationships, that he
himself would not be able to satisfactorily run his life.
We feel that when he gets into that kind of position of
helplessness and inadequacy, he becomes frustrated and
has a sense of failure, which contributes to his beginning

---

[1] "Any person whose misconduct in sexual matters indicates a
general lack of power to control his sexual impulses, as evidenced by
repetitive or compulsive behavior and either violence, or aggression
by an adult against a victim under the age of sixteen years, and who
as a result is likely to attack or otherwise inflict injury on the objects
of his uncontrolled or uncontrollable desires."

previously getting into the drinking and drug situation, which ultimately led to his sexually acting out with young children, as he felt more and more inadequate in relationships with adults."

At the conclusion of the hearing the judge entered written findings in which he impliedly rejected all the psychiatric testimony [2] and concluded as follows: "I find that [the petitioner] is still sexually dangerous, and that the petition for release is denied. The basis for the finding is the report of the staff of the Treatment Center of M.C.I., Bridgewater." As nothing in writing was ever submitted to the judge, and as the witness from the center offered no other testimony of any substance on the quesiton whether the petitioner continued to be an SDP, the propriety of the judge's decision must be determined solely on the basis of the testimony which has just been quoted.

That testimony should have been excluded in the form in which it was offered. It is obvious from the witness's use of the specific words "the general feeling of the staff" and "we feel," as well as from the tenor of the testimony as a whole, that the witness was testifying to a consensus which had been reached by unidentified members of the center staff on the question of the petitioner's sexual dangerousness and that the witness was only one of those who shared in that consensus. In short, the testimony was hearsay to the extent that it purported to relay the opinions of persons other than the witness. See and compare *Commonwealth* v. *Gardner,* 350 Mass. 664, 665-667 (1966); *Commonwealth* v. *Rucker,* 358 Mass. 298, 299 (1970). Contrast *Commonwealth* v. *Harrison,* 342 Mass. 279, 287-290 (1961); *MacKay* v. *Ratner,* 353 Mass. 563, 566-568 (1968). It is settled that the provi-

---

[2] The petitioner has not argued (Mass.R.A.P. 16[a][4], as amended, 367 Mass. 921 [1975]) the question how far a judge may go in discounting psychiatric testimony offered in proceedings under G. L. c. 123A, § 9. See *Commonwealth* v. *Denham, ante* 724, 730 (1979), and cases cited.

sion in G. L. c. 123A, § 5 (which, by virtue of G. L. c. 123A, § 9, applies to proceedings such as the present), concerning the introduction of "other evidence that tends to indicate that he is a sexually dangerous person" does not authorize the introduction of hearsay which would not be admissible under some independent exception to the hearsay rule. *Commonwealth* v. *Bladsa,* 362 Mass. 539, 541 (1972). *Commonwealth* v. *Rodriguez,* 376 Mass. 632, 638 (1978). *Commonwealth* v. *Lamb,* 1 Mass. App. Ct. 530, 532-533 (1973), *S.C.,* 365 Mass. 265 (1974).

The general unreliability of the instant testimony is readily apparent. There was no disclosure of the number, identities or qualifications of the other participants in the consensus; they may have been psychiatrists, correction officers or others. There was no disclosure of the bases of their opinions, whether personal observations of and interviews with the petitioner or mere corridor gossip. It is obvious that there was no way in which the reliability of their opinions could have been tested by cross examination of the witness who was on the stand.

We acknowledge that the particular objection to the testimony was the lack of qualifications of the witness to express his own opinion of the sexual dangerousness of the petitioner and that we are deciding this case on a ground which has not been argued. However, the judge recognized the testimony for what it was when he responded to the petitioner's objection ("He is not testifying to his opinion. He is testifying . . . to the opinion of the institution . . . which he represents"), and we have a constitutional obligation in this type of case to satisfy ourselves that no one is retained at the center unless the Commonwealth offers competent evidence from which a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) would be warranted in concluding beyond a reasonable doubt that the petitioner continues to be an SDP. *Andrews, petitioner,* 368 Mass. 468, 485, 486, 489 (1975). *Lamb, petitioner,* 368 Mass.

491, 499, 500-501 (1975). *Commonwealth* v. *Lamb,* 372 Mass. 17, 23-24 (1977). *Commonwealth* v. *Walsh,* 376 Mass. 53, 55 (1978).[3]

The finding that the petitioner continues to be an SDP and the order denying the petition are vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[3] Nothing we say here is intended to cast doubt on the right of a psychiatrist to consider the material he finds in the center's files in the course of formulating an opinion submitted under G. L. c. 123A, § 4, or offered in court in proceedings under G. L. c. 123A, §§ 5, 6, or 9. See *Andrews, petitioner,* 368 Mass. at 475; *Commonwealth* v. *Lamb,* 372 Mass. at 20-22; *Commonwealth* v. *Childs,* 372 Mass. 25, 29 (1977); *Commonwealth* v. *Geary,* 5 Mass. App. Ct. 715, 716 (1977).