RALPHE DAVIS, petitioner. July 16, 1980. The petitioner has appealed from an order of the Superior Court denying his petition under G. L. c. 123A, § 9, for release from the treatment center at the Massachusetts Correctional Institution at Bridgewater. We affirm the order.

1. There was sufficient evidence upon which the judge could find beyond a reasonable doubt that at the time of the hearing the petitioner was a sexually dangerous person within the meaning of G. L. c. 123A, § 1, as appearing in St. 1958, c. 646, § 1. *Andrews, petitioner*, 368 Mass. 468, 485, 486, 489 (1975). *Lamb, petitioner*, 368 Mass. 491, 499, 500-501 (1975). *Davis, petitioner*, 8 Mass. App. Ct. 732, 734-735 (1979). The Commonwealth elicited the testimony of two psychiatric experts who testified that they had interviewed the petitioner in accordance with *Commonwealth* v. *Lamb*, 365 Mass. 265, 270 (1974), and that they had reviewed the petitioner's probation record and treatment center file. See *Commonwealth* v. *McGruder*, 348 Mass. 712 (1965), cert. denied, 383 U.S. 972 (1966). Compare *Commonwealth* v. *Bladsa*, 362 Mass. 539 (1972). Their combined testimony, which was buttressed by a written report prepared by one of them, established that they based their opinions that the petitioner was a sexually dangerous person upon the following recorded information: the petitioner currently grooms himself in an effeminate and childlike manner; and he has had numerous sexual episodes at the treatment center with the youngest members of that population. This testimony was properly admitted in evidence. See *Davis, petitioner*, 8 Mass. App. Ct. at 736 n.3. In addition, the experts testified that the petitioner, during interviews with them, stated that his 1961 conviction for fellatio upon a minor, see G. L. c. 272, § 35A, as then in effect, was based upon several separate incidents with a consenting minor and occurred in a public but somewhat secluded place; he fantasizes that he lives in a closed community inhabited by nude children under twelve years of age and that they "fondle each other." The experts related that the petitioner describes this fantasy in a manner indicating he believes it. These witnesses also testified that, if the petitioner were released, it was "likely" and "the odds are very strong" that he would seek out and seduce adolescent males. See *Commonwealth* v. *Dagle*, 345 Mass. 539, 543, cert.

denied, 375 U.S. 863 (1963); *Commonwealth* v. *Denham,* 8 Mass. App. Ct. 724, 731 (1979). This evidence was sufficient to support the judge's conclusion that the petitioner's errant sexual behavior was repetitive, compulsive, and aggressive against victims under sixteen years of age, and that he was presently sexually dangerous.

2. The consideration given the petitioner's 1961 conviction under G. L. c. 272, § 35A, was not improper. (a) Section 35A, as in effect in 1961, was not unconstitutionally vague in its application to the petitioner. Notwithstanding his statements that the minor had consented to fellatio, the statute put the petitioner on fair notice that his conduct was prohibited. Compare *Balthazar* v. *Superior Court,* 573 F.2d 698, 700-702 (1st Cir. 1978), with *Commonwealth* v. *Hill,* 377 Mass. 59, 61 (1979). (b) We do not have before us the issue of the validity of the petitioner's guilty plea, and therefore we do not reach that issue. Cf. *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 54 (1976). Moreover, this argument was not made to the trial judge, and we will not consider it when the underlying factual issues on the voluntariness of his waiver of counsel have not been litigated. *Commonwealth* v. *Porter,* 9 Mass. App. Ct. 908 (1980).

3. We do not consider the petitioner's contention that G. L. c. 123A, §§ 1, 9, are unconstitutionally vague on their face, because these provisions are clear and straightforward, see *Musser* v. *Utah,* 333 U.S. 95, 97 (1948); *Colten* v. *Kentucky,* 407 U.S. 104, 110 (1972), and because he makes no contention, nor could he, that his First Amendment freedoms were involved in his behavior which resulted in his commitment. *United States* v. *Mazurie,* 419 U.S. 544, 550 (1975). *Balthazar,* 573 F.2d at 700; *Hill,* 377 Mass. at 61-62. As applied to the petitioner, those statutory provisions were sufficiently clear to give him fair warning that his actions were repetitive, compulsive and aggressive, and that his behavior would be regarded as sexually dangerous. *Peterson, petitioner,* 354 Mass. 110, 117 (1968). Cf. *Commonwealth* v. *Gallant,* 373 Mass. 577, 586-587 (1977).

*Order affirmed.*

*John P. Courtney* for the petitioner.
*Rosalind Henson Miller,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with her) for the Commonwealth.