## RALPHE E. DAVIS, petitioner.

Suffolk. February 2, 1981. — June 2, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Due Process of Law*, Vagueness of statute. *Sex Offender*.

In a proceeding under G. L. c. 123A, § 9, evidence as to the petitioner's criminal history, together with psychiatric testimony with respect to the petitioner's continuing sexual misbehavior and lack of control over his sexual impulses, warranted a finding beyond a reasonable doubt that the petitioner, if released, would be unable to prevent himself from repeatedly seeking out and confronting children with his sexual desires, and his continued commitment as a sexually dangerous person was, therefore, justified. [647-649]

The definition of sexually dangerous person, as found in G. L. c. 123A, § 1, was not unconstitutionally vague as applied to one who had been convicted of various sexual offenses, including offenses against children, from 1945 to 1961 when he was committed to the Massachusetts Correctional Institution at Bridgewater as a sexually dangerous person, whose sexual misconduct had continued while he was confined, and whose behavior was caused by irresistible impulses. [649]

In a proceeding under G. L. c. 123A, § 9, seeking discharge from the treatment center of the Massachusetts Correctional Institution at Bridgewater in 1977, the petitioner could not challenge the validity of the initial determination, made in 1961, that he was a sexually dangerous person; proceedings under § 9 are limited to determining whether the petitioner is sexually dangerous at the time of the hearing. [649-650]

PETITION filed in the Superior Court on June 8, 1977.

The case was heard by *Tracy*, J., a District Court judge sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John P. Courtney* for the petitioner.

*Michael J. Traft*, Assistant District Attorney (*Peter Muse*, Assistant District Attorney, with him) for the Commonwealth.

HENNESSEY, C.J.  The petitioner, adjudicated a sexually dangerous person in 1961, filed in the Superior Court in 1977 a petition for discharge from the treatment center of the Massachusetts Correctional Institution at Bridgewater (center).  This petition was denied after a hearing in 1978. The petitioner challenges G. L. c. 123A, §§ 1 and 9, as unconstitutionally vague, and contends as well that the Commonwealth failed to sustain its burden of proving beyond a reasonable doubt that he was sexually dangerous at the time of the 1978 hearing.  We hold that G. L. c. 123A, §§ 1 and 9, are not unconstitutionally vague, and we conclude that sufficient competent evidence was introduced to satisfy a rational trier of fact of each element of sexual dangerousness beyond a reasonable doubt.  The petitioner also raises several constitutional issues relating to the validity of the initial determination in 1961 that he was a sexually dangerous person, for which he was committed to the center for an indeterminate period of from one day to life.  We do not reach these issues because they are not properly before the court.

On June 8, 1977, the petitioner filed a "Petition for Hearing and Discharge," in accordance with G. L. c. 123A, § 9, alleging that he was no longer a sexually dangerous person and seeking release from the center.  Hearings were held during which two psychiatrists testified for the Commonwealth and submitted written reports to the court.  The judge concluded, inter alia, that "the petitioner is still a sexually dangerous person."  The petitioner appealed this determination to the Appeals Court, which held that sufficient evidence had been introduced to support the judge's findings, and that consideration given the petitioner's 1961 conviction under G. L. c. 272, § 35A, was not improper. *Davis, petitioner*, 10 Mass. App. Ct. 834 (1980).  The Appeals Court did not consider the petitioner's contention that G. L. c. 123A, §§ 1 and 9, are unconstitutionally vague on their face, but did conclude that the statutory provisions were sufficiently clear to give fair warning that his behavior would be regarded as sexually dangerous.  We granted further appellate review on September 30, 1980.

The petitioner contends that the definition of a "sexually dangerous person," found in G. L. c. 123A, § 1, and reproduced in the margin,[1] is unconstitutionally vague; specifically, he challenges the use of the words "repetitive," "compulsive," and "aggression." Since "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand," *United States* v. *Mazurie*, 419 U.S. 544, 550 (1975), we begin by summarizing the evidence presented by the Commonwealth, the sufficiency of which was challenged by the petitioner in his motion for a required finding.

At the petitioner's request, one of the two psychiatrists summarized the petitioner's prior offenses.[2] After receiving the warning required by *Commonwealth* v. *Lamb*, 365 Mass. 265 (1974), the petitioner, in 1977, had discussed with each psychiatrist the circumstances surrounding his 1961 commitment to the center. The psychiatric reports indicate that the petitioner told the psychiatrists that he was

---

[1] General Laws c. 123A, § 1, as appearing in St. 1958, c. 646, § 1, provides: "The words 'sexually dangerous person' as used in this chapter shall have the following meaning: — Any person whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive behavior and either violence, or aggression by an adult against a victim under the age of sixteen years, and who as a result is likely to attack or otherwise inflict injury on the objects of his uncontrolled or uncontrollable desires."

[2] Inexplicably, the Commonwealth failed to introduce the actual record of prior offenses. After examination of the records at the treatment center, one psychiatrist indicated that among these offenses, dating from 1945 to 1961, were indecent assault and battery, indecent exposure, and five offenses of open and gross lewdness. The petitioner did not move to strike this testimony or limit it in any way. After eliciting this information at trial, the petitioner contends on appeal that the judge erroneously relied on this hearsay evidence in concluding that "the petitioner had a long history of sexual misconduct prior to 1961." Cf. *Commonwealth* v. *Bladsa*, 362 Mass. 539 (1972). The judge's finding, however, did not run afoul of *Bladsa*. When the petitioner, through competent counsel, puts particular evidence in issue, he may not effectively argue on appeal that the evidence was not properly before the court. See *Commonwealth* v. *Williams*, 379 Mass. 600, 606 (1980).

sent to the center after having committed acts of fellatio on
at least three occasions upon a twelve year old boy in a sub-
way station lavatory.   One report stated that "his sexual
behavior on the outside and also within the Institution has
been both repetitive and compulsive," "the likelihood of
repetition of sexual misbehavior with children is very high,"
and "he must still be considered a Sexually Dangerous Per-
son."   The other psychiatric report indicated that the peti-
tioner "continuously sidesteps any responsibility for his ac-
tions," has "a severe personality disorder with inadequate
and immature features," apparently lacks control over his
sexual impulses, and has a "continued attraction to children
as sex objects."   This report also concluded that "there is a
very strong liklihood [*sic*] that he would repeat his offenses
were he to be released within the near future."   In their
testimony both psychiatrists elaborated upon their reports,
and both testified further in regard to the petitioner's sexual
misbehavior within the institution.   The judge's findings are
set forth in the margin.[3]

As to whether the evidence was sufficient to prevail
against the petitioner's motion for a required finding, the
question to be addressed is whether a rational trier of fact
could conclude from this evidence that the petitioner is be-
yond a reasonable doubt a sexually dangerous person.   We

---

[3] The trial judge found:

"1.  The petitioner had a long history of sexual misconduct prior to
1961.

"2.  That the petitioner had previously been convicted of unnatural
acts.

"3.  That on several occasions while at the Center the petitioner had
been involved in homosexual activities.

"4.  The petitioner's history and record of sexual misconduct indicates a
general lack of power to control his sexual impulses.

"5.  That the petitioner is likely to attack or otherwise inflict injury on
objects of his uncontrollable desires.

"6.  That the petitioner is likely to molest children if he should be un-
conditionally released.

"7.  That the petitioner's conduct has been compulsive, repetive [*sic*]
and agressive [*sic*].

"8.  That the petitioner is still a sexually dangerous person."

hold that this evidence is sufficient to permit the conclusion that the petitioner, if released, would be unable to prevent himself from repeatedly seeking out and confronting children with his sexual desires, and that this conclusion justifies the petitioner's continued commitment as a sexually dangerous person. See *Commonwealth* v. *Denham*, 8 Mass. App. Ct. 724, 731 (1979); *Commonwealth* v. *Dagle*, 345 Mass. 539, 542-543 (1963). The judge was therefore correct in denying the petitioner's motion for a required finding.

As to the constitutional issues raised by the petitioner, G. L. c. 123A, § 1, gives fair warning that this misbehavior could cause him to be adjudged a sexually dangerous person. It is no surprise that various episodes of sexual misconduct occurring in 1945, 1946, 1947, 1954, 1955, 1958, 1960, 1961, and continuing within the institution, could be described as "repetitive." Nor is it novel to classify behavior which is caused by irresistible impulses as "compulsive." See *Commonwealth* v. *Dagle, supra*. "Aggression" has been held to include "non-violent sexual advances by adults upon children," the resulting "injury" required by the statute being "psychological, mental or emotional trauma" to the child. *Commonwealth* v. *Denham, supra*. We hold that these terms are not unconstitutionally vague as applied to the petitioner.

Finally, the petitioner attempts to challenge the initial determination, made in 1961, that he was a sexually dangerous person. He alleges several constitutional defects in this underlying commitment proceeding. We do not reach these issues because they are not properly before the court.[4] Proceedings under G. L. c. 123A, § 9, are to deter-

---

[4] We have examined these claims to the extent permitted by deficiencies in the record, however, and have found nothing which persuades us that Davis's underlying commitment was constitutionally defective. We agree with the Appeals Court that it is unwise to consider the claim relating to the validity of the petitioner's 1961 guilty plea when the underlying factual issues on the voluntariness of his waiver of counsel have not been litigated. See *Davis, petitioner*, 10 Mass. App. Ct. 834, 835 (1980). We think that the reasoning of *Balthazar* v. *Superior Court*, 573 F.2d 698 (1st

mine the single issue whether or not the petitioner is a sexually dangerous person, as defined by G. L. c. 123A, § 1, *at the time of the hearing*. The burden of proof is entirely upon the Commonwealth, and it must establish the petitioner's sexual dangerousness beyond a reasonable doubt. *Andrews, petitioner*, 368 Mass. 468, 489 (1975). The role that the initial determination (that the petitioner was once a sexually dangerous person) plays in such a hearing is, at most, incidental. In order to simplify and expedite hearings under G. L. c. 123A, § 9, such hearings should be restricted to the sole issue for which they were intended. More appropriate avenues exist which may be used to challenge the underlying commitment proceedings. See, e.g., G. L. c. 248.

The judge's order denying Davis's petition is affirmed.

*So ordered.*

---

Cir. 1978), cited by the petitioner, offers him little support for the proposition that G. L. c. 272, § 35A, as in effect in 1961, was unconstitutionally vague in its application to acts of fellatio performed upon a twelve year old child in a public toilet. "The rationale of treating consensual adult conduct differently from coercive behavior has no application when the victim is a child incapable by law of consent to the act." *Commonwealth* v. *Gallant*, 373 Mass. 577, 585 (1977). Cf. *Commonwealth* v. *Hill*, 377 Mass. 59 (1979). However, the petitioner remains free to raise these issues in a more appropriate proceeding in which the record may be more fully developed.