ORVILLE E. CLINE, petitioner. July 21, 1983. *Sex Offender*.

This petition for a writ of habeas corpus is before us on the report of a judge of the Superior Court for a determination by this court on a stipulation of material facts and on eleven authenticated documents which are agreed to be parts of the record. The petitioner was sentenced to M.C.I., Walpole, following his conviction on charges of indecent assault and battery on a child under fourteen, unnatural acts, and sodomy. The offenses involved an eight-year old boy and a thirteen-year old girl. In 1967 he had been committed to a California State hospital as a "mentally disordered sex offender" following involvement with two girls, aged six and nine. Proceedings in the Superior Court for his commitment as a sexually dangerous person (S.D.P.) were instituted and culminated in his commitment on May 26, 1976. The petitioner now seeks to invalidate that commitment on the ground that the reports of two psychiatrists appointed to examine him under G. L. c. 123A, § 4, were contradictory and thus did not "clearly indicate" that he was an S.D.P. G. L. c. 123A, § 6, as amended through St. 1974, c. 324, §§ 2, 3.

The report of one doctor (Dr. Wedrow) stated unequivocally that he was of opinion that the petitioner was an S.D.P. The other doctor (Dr. Moore) stated, "Although this man has been convicted of repetitive sex offenses against children, violence or injury has not been alleged. Therefore, he is not, in my opinion a Sexually Dangerous Person, and I do not recommend his commitment to the Massachusetts Treatment Center."

We do not address the respondent's contention that the petition should be dismissed as not properly before the court because of procedural defects, as we are satisfied that the report of the examinations "clearly indicates" that the petitioner was an S.D.P. "[L]ack of psychiatric unanimity at trial [does] not by itself render insufficient the evidence on the issue whether the defendant was sexually dangerous." *Commonwealth* v. *Lamb*, 372 Mass. 17, 23 (1977). This is so in proceedings seeking adjudication of a person as an S.D.P. and in proceedings for review under G. L. c. 123A, § 9, to determine whether a person committed as an S.D.P. continues to be such. *Id.* at 23-24. *Davis, petitioner*, 8 Mass. App. Ct. 732, 735 (1979). The standard of proof in such cases is proof beyond reasonable doubt. *Andrews, petitioner*, 368 Mass. 468, 486-490 (1975). Unanimity certainly would not be required in a "psychiatric report [which] is merely a preliminary step which may lead to a hearing before a judge as to whether a person is an S.D.P., and is not a final adjudication of any kind." *Commonwealth* v. *Lamb*, *supra* at 23.

Dr. Moore's report shows that he applied an erroneous legal standard which led him to his conclusion that the petitioner was not an S.D.P. The definition of an S.D.P. is set out in G. L. c. 123A, § 1, as appearing in St. 1958, c. 646, § 1:

> "Any person whose misconduct in sexual matter indicates a general lack of power to control his sexual impulses, as evidenced by

repetitive or compulsive behavior and either violence, or aggression by an adult against a victim under the age of sixteen years, and who as a result is likely to attack or otherwise inflict injury on the objects of his uncontrolled or uncontrollable desires."

Assuming that Dr. Moore was correct that there was no evidence of violence or injury, he apparently failed to note that the definition provides in the alternative for "aggression" against a child. See *Commonwealth* v. *Denham*, 8 Mass. App. Ct. 724, 731 (1979). To have been found guilty of the charges for which the defendant was convicted necessarily required proof of aggression against the two young children. Because Dr. Moore's conclusion was erroneously based, his opinion is entitled to little if any weight. Contrast *Commonwealth* v. *Hall*, 6 Mass. App. Ct. 918 (1978), in which it appears that the opinions of the two experts were in equipoise.

A judgment dismissing the petition is to be entered in the Superior Court.

*So ordered.*

*Richard Zorza* for the petitioner.
*Linda G. Katz,* Assistant Attorney General, for the respondent.