PAUL M. CONLAN *vs.* COMMONWEALTH. March 3, 1981. We review the January 4, 1980, order of a District Court judge sitting in the Superior Court by designation. The order, entered pursuant to G. L. c. 123A, § 9,

provided for the implementation of a conditional or gradual release program for the petitioner, Paul M. Conlan, from the treatment center for sexually dangerous persons at the Massachusetts Correctional Institution at Bridgewater. At the Commonwealth's suggestion the judge reported to the Appeals Court the questions of law raised by the Commonwealth's objection to his order. He also ordered that implementation of the program be stayed pending a determination by the Appeals Court. We transferred the case to this court on our own motion.

The Commonwealth contends that under the statute the judge had no authority to order any form of release from the treatment center without first finding that the petitioner is no longer a sexually dangerous person. We agree.

The petitioner concedes that under G. L. c. 123A, § 9, "[a]n absolute finding that the individual is no longer sexually dangerous is a condition precedent to *any form* of judicial release from confinement" (emphasis supplied). *Commonwealth* v. *Travis*, 372 Mass. 238, 248 (1977) (holding that the placing of conditions on the release of a person found to be no longer sexually dangerous is unconstitutional). The petitioner contends, however, that the judge placed restrictions, including escorts, on the petitioner's "absences" from the treatment center, and hence the judge's order does not contemplate a "release" within the meaning of G. L. c. 123A, § 9.[1] The judge's order clearly contemplates a conditional release of the petitioner. Indeed, the judge designated the program a "GRADUAL RELEASE PROGRAM." Thus, the issue in this case is settled by our decision in *Travis*.

As the judge declined to make any finding of whether the petitioner is sexually dangerous, we remand the case to the judge for the purpose of making such a finding.[2] We observe that, as a year has passed since the hearing in this case, the petitioner is entitled, upon petition, to a new hearing if he so desires. See G. L. c. 123A, § 9. Finally, we observe, as we did in *Travis*, that "if the Legislature wishes to give courts the power to impose and enforce conditions of release, it may do so by authorizing a court to release persons committed under G. L. c. 123A on probation without a finding that they are no longer sexually dangerous." *Commonwealth* v. *Travis*, *supra* at 251.

The order of the trial judge implementing a gradual release program for the petitioner is vacated and the case is remanded for proceedings in accordance with this opinion.

*So ordered.*

---

[1] General Laws c. 123A, § 9, as appearing in St. 1966, c. 608, provides in pertinent part: "Upon a finding by the court that such person is no longer a sexually dangerous person, it shall order such person to be discharged, or conditionally released from the center."

[2] In view of this disposition, we need not at this stage in the proceedings reach the petitioner's constitutional argument that the State must employ the least drastic means of civil commitment.

*Kevin J. Sullivan,* Assistant Attorney General, for the Commonwealth.

*Brownlow M. Speer* for the petitioner.