PETER E. TRAVERS *vs.* COMMONWEALTH. February 3, 1982. The petitioner appeals from an order of the Superior Court denying his petition, brought under G. L. c. 123A, § 9, for discharge from the treatment center of the Massachusetts Correctional Institution at Bridgewater. The order was based on the judge's finding that the petitioner continued to be a sexually dangerous person, which finding was unanimously supported by the opinions of three psychiatrists and the recommendation of the Department of Mental Health.

1. When the case was called for hearing below, the judge began by stating, "I would imagine Miss Rappaport [counsel for the petitioner] goes forward." The petitioner argues that this remark manifests that the judge had improperly "shifted the burden of proof" to him. In proceedings under § 9, it is the Commonwealth's burden to "prove . . . beyond a reasonable doubt" that the petitioner is still sexually dangerous. *Andrews, petitioner,* 368 Mass. 468, 489 (1975). *Commonwealth* v. *Travis,* 372 Mass. 238, 249-250 (1977). *Davis, petitioner,* 383 Mass. 645, 650 (1981). The Commonwealth also has the burden of producing evidence to satisfy that burden of proof. "The Commonwealth [after the jurisdictional facts are stipulated or established] must produce evidence on each of the elements stated in G. L. c. 123A, § 1 . . . ." *Commonwealth* v. *McHoul,* 372 Mass. 11, 14 (1977). *Commonwealth* v. *Lamb,* 372 Mass. 17, 23-24 (1977). See *Andrews, petitioner, supra* at 486, and *Commonwealth* v. *Travis, supra* at 250, both quoting from *Speiser* v. *Randall,* 357 U.S. 513, 526 (1958). See and compare *Commonwealth* v. *Geary,* 5 Mass. App. Ct. 711, 714-715 (1977). Although the *McHoul* and *Lamb* cases, *supra,* involved proceedings under § 6 of the statute, § 9, as amended through St. 1966, c. 608, provides that the hearing thereunder "shall be conducted in the same manner" as prescribed for § 6. Although the judge erred in suggesting that the petitioner bore the burden of production, there is nothing to suggest here that he improperly placed the ultimate burden of persuasion on the petitioner. The judge's remarks were confined to the burden

of production and there is nothing to indicate that the judge mischaracterized the burden of proof. Contrast *Commonwealth* v. *Walsh*, 376 Mass. 53, 60-61 (1978). Moreover, counsel for the petitioner did not object to presenting her evidence first, but merely proceeded to call her first witness. Finally, the psychiatrist called by the petitioner agreed with the conclusions stated in the reports of the other two psychiatrists and the Department of Mental Health (all of which were admitted in evidence by agreement), that the petitioner was still sexually dangerous. In view of the judge's acceptance of this evidence, there is no basis for concluding (on the arguments presently made) that the order of proof could have altered the outcome of the proceedings.

2. The petitioner points to the portion of § 9 which provides that the court "shall hear" the recommendation of the parole board on the petition, and argues that the judge erred by deciding the case in the absence of such recommendation. It appears that the petitioner failed to send a copy of his petition to the parole board as required by G. L. c. 123A, § 9. Assuming that the petitioner's argument is correct, we do not think a new hearing is required. "An absolute finding that the [petitioner] is no longer sexually dangerous is a condition precedent to any form of judicial release from confinement." *Commonwealth* v. *Travis, supra* at 248. *Conlan* v. *Commonwealth*, 383 Mass. 871, 872 (1981). In view of the unanimity of the medical opinion that the petitioner was still sexually dangerous, it is unlikely that even the most favorable of recommendations on the part of the parole board could have altered the judge's conclusion that the petition must be denied.

*Order affirmed.*

The case was submitted on briefs.
*William G. Billingham* for the petitioner.
*William C. O'Malley*, District Attorney, & *Rosemary Ford*, Assistant District Attorney, for the Commonwealth.