Lucien M. AUBUT, Petitioner,

v.

STATE OF MAINE et al., Respondents.

Misc. No. 412.

United States Court of Appeals,
First Circuit.

Sept. 23, 1970.

Lucien M. Aubut, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner, having been convicted in the state court of uttering a forged instrument, and having unsuccessfully appealed, State v. Aubut, Me., 1970, 261

A.2d 48, sought habeas corpus relief in the district court. His petition was dismissed without hearing. A certificate of probable cause for appeal having been denied by that court, he appropriately renews the request here. Local Rule 11. Petitioner also seeks the appointment of counsel, and other preliminary relief.

We do not accept "notice" pleading in habeas corpus proceedings. Were the rule otherwise, every state prisoner could obtain a hearing by filing a complaint composed, as is the present one, of generalizations and conclusions. The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.

Nor, alternatively, will we appoint counsel to make such a search for an indigent prisoner who is unable to file a complaint that shows a reasonable possibility of error. Joyce v. United States, 1 Cir., 1964, 327 F.2d 531; Anderson v. Heinze, 9 Cir., 1958, 258 F.2d 479, cert. denied 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116; cf. Johnson v. Avery, 1969, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718. Possibly this is a hardship in rare cases, but, judicially, we regard the "cure" to be excessive. All discontented prisoners ignorant of the presence of constitutional error, but ever hopeful, would make such a request. Inadequately paid counsel, and the courts, would be grossly burdened in the interest of providing representation at proceedings in which the possibility of finding constitutional error is, in our experience, highly remote. If Congress wishes to furnish counsel to state prisoners to enable them to discover if they have been deprived of constitutional rights, that is a legislative matter. We do not consider it a judicial obligation when a prisoner does nothing more than make unsupported conclusory allegations.

We will not appoint counsel for petitioner, but we will look beyond his inadequate petition to his accompanying detailed memorandum of fact and law. Accepting those factual allegations as true for present purposes, petitioner asserts error in a series of routine trial rulings. These he seeks to convert into the needed constitutional claim by saying that they deprived him of a "fair trial." We recognize no such easy device. We might consider many state decisions "unfair" in the sense that we would have decided the other way. Far more than this is needed to make constitutional error. Gryger v. Burke, 1948, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683; Buchalter v. New York, 1943, 319 U.S. 427, 429-430, 63 S.Ct. 1129, 87 L.Ed. 1492; cf. Snowden v. Hughes, 1944, 321 U.S. 1, 10-11, 64 S.Ct. 397, 88 L.Ed. 497.

In the case at bar we not only perceive no constitutional error as such, but in passing we observe that we are not led to believe that error of any sort occurred. Petitioner was not entitled to cross-examine a government witness on a "trial run" basis in the absence of the jury. Nor was he wronged when the court charged the jury that the government's burden need not go beyond a reasonable doubt into mere flights of possibilities. Finally, if the court admitted hearsay evidence, or other incompetent testimony, petitioner has not sufficiently shown it.

The certificate of probable cause and defendant's request for other relief are denied.