**Joseph LOGSDEN**

v.

**James H. ROSE, Warden.**

**Civ. No. 3–75–159.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 29, 1975.

Joseph Logsden, pro se.

Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Petitioner, Joseph Logsden, was sentenced to life imprisonment for armed robbery after his conviction by a jury in the Criminal Court of Knox County. He contends in his petition for a writ of habeas corpus that he is in state custody in violation of his federal constitutional rights because he was not accorded a full and meaningful review of his conviction. Viewed liberally, the petition alleges two grounds in support of this contention: (1) Petitioner was denied his Fourteenth Amendment rights because his court-appointed counsel failed to petition the Supreme Court of Tennessee for certiorari after the Court of Criminal Appeals affirmed his conviction; (2) petitioner was denied his Sixth Amendment right to effective assistance of counsel at his trial and the initial appeal of his conviction.

The procedural history of petitioner's efforts to appeal and collaterally attack his conviction may be summarized as follows. A direct appeal was taken by court-appointed counsel, and the Court of Criminal Appeals affirmed petitioner's conviction.[1] Petitioner's court-appointed counsel did not petition the Supreme Court of Tennessee for certiorari.

Petitioner next sought post-conviction relief in the Criminal Court of Knox County. New counsel was appointed and the Court dismissed the petition without an evidentiary hearing. The Court of Criminal Appeals affirmed and the Supreme Court of Tennessee denied certiorari. One of the questions before each court was whether petitioner's first court-appointed counsel was required to petition the Supreme Court of Tennessee

---

1. The only ground raised on this appeal was the alleged misconduct of the Attorney General. The Court, in an unpublished opinion, concluded that even if the matters complained of were error, "[t]he evidence of guilt is so clear that the matters complained of could not have been decisive on the questions of guilt and punishment."

for discretionary review of his original conviction.

Petitioner then filed a second pleading which the post-conviction court treated as a petition for post-conviction relief. Concluding, in part,[2] that the petition raised the same grounds previously before it, the Court dismissed the petition. With the assistance of court-appointed counsel, this decision was appealed. The Court of Criminal Appeals, in light of a recent State decision,[3] retreated from its earlier holding that the petitioner was not entitled to have his court-appointed counsel petition the Supreme Court of Tennessee for discretionary review of his conviction. Addressing no other assignments of error, the Court vacated its original order affirming the conviction and re-entered that order so that a timely petition for certiorari could be filed.

Counsel was appointed, and a petition for certiorari was filed in the Supreme Court of Tennessee. The petition was dismissed for lack of an oath, which is jurisdictional under *Tenn.Code Annot.* § 16–452. The Supreme Court, however, ordered the Court of Criminal Appeals to again vacate its order of conviction and re-enter it. On January 24, 1975, the petitioner's petition for certiorari in the Supreme Court of Tennessee was finally filed. On June 2, 1975, the Supreme Court of Tennessee denied the petition for certiorari.[4] Shortly thereafter, the petitioner filed the pleading under consideration here.

■ The procedural history of this case plainly shows that the petitioner's first contention is without merit. Peti-

tioner, in fact, ultimately was represented by court-appointed counsel in an unsuccessful effort to have the Supreme Court of Tennessee review his original conviction. Besides its lack of a factual basis, this contention is insufficient to raise a federal constitutional question. A state is not constitutionally required to provide counsel to indigents who seek discretionary review of their convictions by the highest state courts. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The State of Tennessee, as a matter of policy, has made counsel available to indigent defendants at all stages of state review. Although the process by which petitioner was accorded this state right was lengthy and somewhat complex, it has by no means deprived him of a federally secured right. *Id.*

■■ Petitioner also alleges, in conclusory terms, that he was not effectively represented by counsel at his trial and the initial appeal thereof.[5] Although habeas petitions must be read liberally, the petitioner still must set fourth substantive facts that enable a court to perceive a real possibility of constitutional error. *Aubut v. State*, 431 F.2d 688, 689 (1st Cir. 1970). If the law were otherwise, "every state prisoner could obtain a hearing by filing a complaint composed . . . of generalizations and conclusions." *Id.* at 689. Petitioner's second contention presents nothing more than generalizations and conclusions.

For the foregoing reasons, it is ordered that the petition for habeas corpus relief be, and the same hereby is, denied.

2. The post-conviction court concluded that the only new ground raised by petitioner was the adequacy of his representation before the first post-conviction court and the appeal of its decision. This contention was rejected.

3. *Hutchins v. State*, 504 S.W.2d 758 (Tenn. 1974).

4. Petitioner also contends that it was unlawful for the Supreme Court of Tennessee to deny certiorari by way of a per curiam opinion. Petitioner's contention that certiorari

must be denied en banc is without merit and warrants no further consideration.

5. This contention was raised in the context of petitioner's first contention. The petition states, in pertinent part:

"After conviction in the trial court, wherein he [petitioner] was not adequately represented by assigned counsel, the same ineffective lawyer perfected a shoddy, perfunctory appeal to the appellate court, but neglected to apply for certiorari in the State Supreme Court. . . ."