COMMONWEALTH *vs.* JAMES M. HILL.

Berkshire. December 5, 1978. — January 8, 1979.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Unnatural and Lascivious Act. Statute*, Validity. *Due Process of Law*, Vagueness of statute. *Practice, Criminal*, New trial.

Evidence at the trial of an indictment for the commission of an unnatural and lascivious act punishable under G. L. c. 272, § 35, that the defendant drugged the victim on the day he met her, took her to his motel room, undressed her while she was unconscious, and when she awoke beat her and forced her to engage in intercourse, cunnilingus and fellatio, and that the defendant, at the time he acted, was on fair notice that his sexual behavior so deviated from accepted customs and manners as to fall within prohibited conduct, justified the denial of his motion for a directed verdict. [61-62]

Where the issue of consent of the victim was fully tried at the defendant's trial in April, 1974, for committing in 1969 rape and an unnatural and lascivious act punishable under G. L. c. 272, § 35, and the jury were charged that the victim's lack of consent was an element of rape, but no such charge was requested or given to acts within § 35, and there was a verdict of not guilty of rape, and a verdict of guilty of acts within § 35, this court on appeal held that, since neither counsel nor the judge had the benefit of the November 1, 1974, decision in *Commonwealth* v. *Balthazar*, 366 Mass. 298 (1974), respecting Balthazar's acts in 1972, and the holding that c. 272, § 35, must be construed as "inapplicable to private, consensual

conduct of adults," fundamental fairness required that the defend-
ant be afforded a new trial. [62-63]

INDICTMENT found and returned in the Superior Court
on October 4, 1972.

The case was tried before *Tisdale*, J., and a motion for
a new trial was heard by him.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Alvin Jack Sims* for the defendant.

*William T. Walsh, Jr.*, for the Commonwealth.

BRAUCHER, J. The defendant appeals from a conviction
under G. L. c. 272, § 35, of an "unnatural and lascivious
act with another person," committed in September, 1969.
The case was tried before our decision in *Commonwealth*
v. *Balthazar*, 366 Mass. 298 (1974),[1] and it is contended
that the indictment should be dismissed on the authority
of *Balthazar* v. *Superior Court*, 573 F.2d 698 (1st Cir.
1978). We do not agree, but in view of the treatment of the
issue of consent, we think fundamental fairness requires
a new trial.

In October, 1972, the defendant was indicted for rape
and for committing an unnatural and lascivious act.[2]
After a mistrial in October, 1973, he was tried by jury in
April, 1974, acquitted of rape, and convicted of an un-
natural and lascivious act. Pending appeal he was admit-
ted to bail by a single justice of this court. In October,
1977, he filed a motion for new trial, which was denied in
December, 1977.

There was evidence of the following events. The defend-
ant met the victim on September 29, 1969. After dinner
and drinks, they went to the defendant's motel room.
Later the victim tried to drive home, but stopped in a

---

[1] Habeas corpus granted, 428 F. Supp. 425 (D. Mass. 1977), aff'd, 573
F.2d 698 (1st Cir. 1978).

[2] The defendant was arrested in October, 1969, but fled. He turned
himself in, in August, 1972.

parking lot and went to sleep. The defendant took her back to his room. When she awoke she was naked. The defendant beat her and forced her to engage in intercourse, cunnilingus and fellatio. She believed the defendant had drugged her. She first reported these events on October 16, 1969.

1. *Vagueness*. In *Balthazar* v. *Superior Court*, 573 F.2d 698, 700-702 (1st Cir. 1978), a divided court held G. L. c. 272, § 35, "vague as applied." The majority first said that the issue before them was "not whether fair notice was given that these acts, if forced, were prohibited," since force was not an element of the indictment and was not an issue at trial. Alternatively, treating the case as involving nonconsensual sexual acts of fellatio and oral-anal contact, they seem to have concluded that Balthazar could reasonably believe that such acts did not deviate from "accepted customs and manners," as required by *Jaquith* v. *Commonwealth*, 331 Mass. 439, 442 (1954). One of the three judges disagreed "strongly" on the latter point.

Our decisions are contrary on both points. *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302 (1974). *Commonwealth* v. *Hanscomb*, 367 Mass. 726, 731 (1975). *Commonwealth* v. *Jackson*, 3 Mass. App. Ct. 941 (1975). *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 4-5 (1972). Cf. *Commonwealth* v. *Morgan*, 369 Mass. 332, 344-345 (1975), cert. denied, 427 U.S. 905 (1976) (point not argued). "We are of course bound by decisions of the Supreme Court on questions of Federal law, but we are not concluded by decisions of other Federal courts, although we give respectful consideration to such lower Federal court decisions as seem persuasive." *Commonwealth* v. *Masskow*, 362 Mass. 662, 667 (1972). But our decision here is in effect reviewable by writ of habeas corpus in a United States District Court which would be bound by the *Balthazar* decision in the Court of Appeals. "It would be undesirable for us to affirm the conviction of a defendant if the inevitable consequence were that he would be

released on a writ of habeas corpus." *Id.* at 668. We there-
fore analyze the present case on the assumption that the
Federal *Balthazar* decision reached a correct result un-
der Federal law, although we do not accept, even as as-
sumption, everything that is said in the opinion.

The present case does not involve freedom of expres-
sion or communication in a sense that would bring into
play the "overbreadth" doctrine associated with the First
Amendment to the Federal Constitution, and the defend-
ant cannot invoke the rights of others in hypothetical
situations. *Commonwealth* v. *LaBella*, 364 Mass. 550,
553-554 (1974). In the *Balthazar* case the statute was not
held unconstitutional on its face, but only in its "applica-
tion to the particular case." 573 F.2d at 700. In the pres-
ent case, unlike the *Balthazar* case, evidence was pre-
sented on the issue of consent, and we think the issue
before us is whether the defendant, at the time he acted,
was on fair notice that his conduct, in the totality of
circumstances, was prohibited.

The jury could have found from the evidence that the
defendant drugged the victim on the day he met her, took
her to his motel room, undressed her while she was un-
conscious, and when she awoke beat her and forced her
to engage in intercourse, cunnilingus and fellatio. They
could further have found that such sexual behavior de-
viated from accepted customs and manners. We find it
impossible to believe that any competent adult would be
surprised at the conclusion that the conduct so found was
prohibited. Thus there was no error in the denial of the
defendant's motion for a directed verdict.

2. *Consent.* In *Commonwealth* v. *Balthazar*, 366 Mass.
298, 302 (1974), we concluded that the statute "must be
construed to be inapplicable to private, consensual con-
duct of adults." That interpretation was required, we
thought, by changes in community values in the years
after the *Jaquith* decision in 1954. We relied on Supreme
Court decisions dating from 1965. Balthazar's acts took
place in 1972, the acts of the present defendant in 1969.

The Commonwealth now urges us to confine that *Baltha-zar* holding to cases arising after the decision. But that holding is rooted in constitutional considerations, and we think the defendant is entitled to the benefit of it. *Commonwealth* v. *Reilly*, 5 Mass. App. Ct. 435, 436-438 (1977).

The issue of consent was fully tried, and the jury was charged that the victim's lack of consent was an element of the crime of rape. But no such charge was requested or given with respect to an unnatural and lascivious act. In other cases we have refused to consider the issue of consent when it had not been presented at trial. *Commonwealth* v. *Morgan*, 369 Mass. 332, 344 (1975), cert. denied, 427 U.S. 905 (1976). *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302-303 (1974). *Commonwealth* v. *LaBella*, 364 Mass. 550, 554 (1974). But neither counsel nor the judge had the benefit of our decision in the *Balthazar* case, and we do not insist on exceptions where counsel could not have anticipated the ground of objection. *Commonwealth* v. *Stokes*, 374 Mass. 583, 587-590 (1978). *Commonwealth* v. *Cook*, 371 Mass. 832, 833 (1977). Since it is quite possible that consent was the basis of the verdict of not guilty on the rape charge, we think fundamental fairness requires that the defendant be afforded a new trial. See *Balthazar* v. *Superior Court*, 573 F.2d 698, 702 (1st Cir. 1978) (dissenting opinion).

*Judgment reversed.*

*Verdict set aside.*