COMMONWEALTH *vs.* EDWARD J. LEROUX, JR. June 23, 1981. The defendant appeals from his convictions of rape (G. L. c. 265, § 22) and of committing an "unnatural and lascivious act" (G. L. c. 272, § 35). The defendant's conviction of assault and battery was placed on file, without objection, and hence is not before us. *Commonwealth* v. *Hoffer*, 375 Mass. 369, 370 n.1 (1978). The defendant's several claims of error are all devoid of merit.

1. *The judge's charge.* The defendant claims that the judge improperly charged that "the threat of force" to accomplish sexual intercourse was sufficient to convict him of rape under G. L. c. 265, § 22, as in effect prior to St. 1974, c. 474, § 1. (The statute then in effect did not specifically use the term "threat of force.") The defendant misperceives the nature of the offense. The essence of the crime of rape is sexual intercourse against the will or without the consent of the victim. *Commonwealth* v. *McDonald*, 110 Mass. 405, 405-406 (1872). See *Commonwealth* v. *McCan*, 277 Mass. 199, 203 (1931); *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 3 (1972). See generally Perkins, Criminal Law 152-168 (2d ed. 1969). The judge instructed the jury that rape is "the unlawful sexual intercourse of a man with a woman against her will and against her consent." Thus, when viewed in context, the judge's reference to "the use of force or the threat of force" was not error.

2. *Required finding of not guilty in regard to the charge under G. L. c. 272, § 35.* This branch of the appeal is controlled by *Commonwealth* v. *Hill*, 377 Mass. 59 (1979). See *Davis, petitioner*, 10 Mass. App. Ct. 834, 835 (1980), *S.C.* 383 Mass. 645 (1981). See also *Jaquith* v. *Commonwealth*, 331 Mass. 439, 441-443 (1954).

Notwithstanding the interpretative gloss placed on this statutory provision by the Federal courts, see, e.g., *Balthazar* v. *Superior Court*, 573 F.2d 698, 700-702 (1st Cir. 1978), we think that "the defendant, at the time he acted [July, 1972], was on fair notice that his conduct, in the totality of circumstances, was prohibited." *Commonwealth* v. *Hill, supra* at 62. See also *Commonwealth* v. *Deschamps, supra* at 4-5. The defendant strains both credulity and logic when he tries to equate coerced behavior with consensual conduct. Here, as in *Hill*, unlike *Balthazar*,

"evidence was presented on the issue of consent." *Commonwealth* v. *Hill, supra* at 62. Compare *Commonwealth* v. *Hanscomb*, 367 Mass. 726, 731 (1975). In these circumstances we think that it is "impossible . . . that any competent adult would be surprised at the conclusion that the conduct [i.e., nonconsensual fellatio] so found [here] was prohibited." *Commonwealth* v. *Hill, supra* at 62.

3. *Admission of evidence regarding bail and defaults.* The defendant claims the judge erred in allowing in evidence the amount of bail set on two different occasions, and of the defendant's two defaults. The judge limited the use of this evidence "for the purpose of showing the general background of what the Commonwealth alleges to be flight by the defendant indicating, the Commonwealth will contend, consciousness of guilt."

The judge's ruling was correct. The evidence was competent and material. *Commonwealth* v. *Goldberg*, 212 Mass. 88, 91 (1912). See *Commonwealth* v. *Carita*, 356 Mass. 132, 140 (1969). See also *Commonwealth* v. *Haney*, 358 Mass. 304, 306 (1970), and authorities cited. The jury could reasonably infer that the defendant was so desperate in his attempt to avoid prosecution that he twice left the jurisdiction, even after a particular amount of bail had been posted.

4. *Victim's statements.* The judge allowed the victim to testify as to what she had told the person to whom she first related the incident of the rape. Mistakenly relying on certain language in *Commonwealth* v. *Hanger*, 357 Mass. 464, 466 (1970), the defendant claims that this was error. We disagree for several reasons. This testimony added no new facts concerning the rape. See *Commonwealth* v. *Bailey*, 370 Mass. 388, 393 (1976). The judge gave a proper limiting instruction. *Id.* at 396. It was not prejudicial to admit it, in any event, as it was cumulative (cf. *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 [1971]), and merely a reiteration of other testimony properly admitted as fresh complaint. See *Commonwealth* v. *Bailey, supra* at 391-395.

*Judgments affirmed.*

*Richard C. Driscoll, Jr.*, for the defendant.

*Robert M. Payton*, Assistant District Attorney, for the Commonwealth.