# United States Court of Appeals
## For the First Circuit

No. 22-1206

OWEN MCCANTS,

Petitioner, Appellant,

v.

NELSON ALVES,
Superintendent of MCI Norfolk,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Kayatta, Lynch, and Howard,
Circuit Judges.

Judith H. Mizner for appellant.
Tara Lyn Johnston, Assistant Attorney General of
Massachusetts, Criminal Bureau, with whom Maura Healey, Attorney
General of Massachusetts, was on brief, for appellee.

May 9, 2023

**KAYATTA**, <u>Circuit Judge</u>.  Owen McCants filed a petition for habeas relief alleging that he is actually innocent of some of the crimes that formed the necessary predicate for his subsequent conviction and life sentence in Massachusetts state prison as a habitual offender.  The district court dismissed his petition, concluding that it was time-barred.  It then granted a certificate of appealability on the question of whether, by showing that a change in law rendered him actually innocent, McCants could avoid the time bar that otherwise precludes his petition.  For the following reasons, we affirm the district court's dismissal of the petition for a writ of habeas corpus.  In so doing, we do not decide whether the actual innocence "gateway" defined in <u>McQuiggin</u> v. <u>Perkins</u>, 569 U.S. 383 (2013), is available in a section 2254 proceeding for an actual innocence claim based on a change in law. We decide only that McCants has not come close to showing actual innocence, even assuming such a gateway is available.

## I.

## A.

McCants was arrested in either December 1973 or January 1974.  This discrepancy does not appear to be material other than to evidence how much relevant information has been lost to the passage of time.  A surviving police record described an incident in which a man forced his way into an apartment, raped both women living there, and forced one of the women to perform an "unnatural

- 2 -

act" (fellatio) on him. The man took $90, told the women he would call them, and left. He called the next day and one of the women met him at a cafe, where she identified McCants to detectives as her attacker. McCants was eventually charged with two counts of rape, two counts of unnatural and lascivious acts, and two counts of unarmed robbery.

McCants went to trial on these charges in April 1974. No records, other than basic docket information, appear to be available from this trial. The Massachusetts Superior Court, in a 2017 decision addressing a collateral motion filed in that court, described the trial as follows:

> Both sides report evidence presented at trial of a prolonged overnight sexual assault of two roommates in a Brighton apartment. The attacker took cash and the telephone number, promising to call. Following police and medical involvement that day, one of the victims did receive a call to meet her assailant at an Allston bar. Reinforced by undercover detectives at the bar, that victim was able to identify the approaching Mr. McCants as her attacker. The defense at trial was that the women consented.

The jury acquitted McCants on the two rape charges, but convicted him on two counts of unnatural and lascivious acts and two counts of unarmed robbery.[1] McCants was sentenced to four prison terms of three to five years each, to be served

---

[1] Some of the court decisions regarding McCants describe this conviction as for armed robbery, but it appears to have been for unarmed robbery.

- 3 -

concurrently.  Although he applied for and was granted appellate counsel, he did not appeal these convictions.

McCants was later convicted of other rape, kidnapping, and robbery charges, first in November 1974 and then again in 2002. Following the 2002 convictions, and based on those convictions along with the May and November 1974 convictions, McCants was also convicted of being a habitual criminal.  As a result, he is now serving a life sentence in state prison.

**B.**

In 2014, McCants filed in Massachusetts Superior Court a pro se "Motion to Vacate Conviction and Enter New Judgment Pursuant to M.R. Crim. P. 30(a) and 30(b)" challenging his May 1974 convictions for robbery and unnatural and lascivious acts, even though he had long ago completed his entire sentence on those convictions.  McCants argued, among other things, that because the jury acquitted him on the rape charge, it necessarily found that the sex was consensual.[2]  He therefore argued that the judge should have reduced the robbery indictment to larceny, because if the sex was consensual no force could have been used to take the money. He also argued that this purported finding of consent meant that

---

[2]  The record does not contain McCants's state court filings, so our recitation of his arguments is based on the Massachusetts courts' descriptions of his motions.

- 4 -

his convictions for unnatural and lascivious acts should be vacated.

In February 2017, the Massachusetts Superior Court denied McCants's motion, which it construed as a motion for a new trial. The court rejected McCants's argument that an inference could be drawn from the acquittal on the rape charges that the jury believed the women had consented to intercourse. Rather, it asserted, "Mr. McCants'[s] pure speculation that the jury believed the two women consented to sex with him is just that, and nothing more. . . . That the jury found Mr. McCants not guilty of rape simply means the Commonwealth did not sustain its burden beyond a reasonable doubt on all of the elements of that crime." The jury had, however, found McCants guilty beyond a reasonable doubt on the unnatural and lascivious acts and robbery charges, and McCants "offered no record basis to believe there was insufficient evidence for the jury to do so."

McCants appealed, and the Massachusetts Appeals Court affirmed. Commonwealth v. McCants, 94 N.E.3d 881 (Mass. App. Ct. 2017) (unpublished table decision). The appeals court rejected McCants's argument that the not guilty verdict on the rape charges meant that the jury believed that all sex acts were consensual. It stated that "[t]he not guilty verdicts permit a conclusion that the jury decided the Commonwealth had not proved the elements of rape beyond a reasonable doubt -- nothing more." Id. at *1. It

further added, "[t]he motion judge correctly concluded that the defendant's claim that the jury believed the 'sex' was consensual was 'pure speculation' without factual support." Id. The Massachusetts Supreme Judicial Court (SJC) denied McCants's application for further review. Commonwealth v. McCants, 102 N.E.3d 424 (Mass. 2018) (Table).

McCants then filed additional motions for postconviction relief in 2019. He argued again that his 1974 convictions for unnatural and lascivious acts should be vacated because the acquittal on the rape charge meant that the jury believed all acts were consensual. Commonwealth v. McCants, 144 N.E.3d 304, at *1 (Mass. App. Ct. 2020) (unpublished table decision). He relied in part on a Massachusetts case decided after his conviction, Commonwealth v. Balthazar, 318 N.E.2d 478, 481 (Mass. 1974) [hereinafter Balthazar (SJC)], which limited the statute under which McCants was convicted to certain "unnatural and lascivious acts" performed without consent. See McCants, 144 N.E.3d at *1. The Superior Court again denied his motions. Id. at *2. The Massachusetts Appeals Court affirmed, noting that the same issues had been raised in the 2014 motion and that McCants "raise[d] no new factual or legal issue." Id. The SJC once again denied further review. Commonwealth v. McCants, 150 N.E.3d 1133 (Mass. 2020) (Table).

McCants then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court in August 2020. As he had in the state courts, he suggested that because the jury in 1974 had acquitted him of rape, it must have accepted his consent defense, and would therefore have found that the unnatural and lascivious acts with which he was charged were consensual as well had a consent instruction been given. Respondent Nelson Alves moved to dismiss the petition, asserting that it was time-barred. On July 30, 2021, the magistrate judge assigned to McCants's case issued a Report and Recommendation (R&R) finding that the petition was untimely and recommending that it be dismissed. The decision noted that McCants had not alleged that he was "actually innocent" of the crime for which he was convicted, which under the Supreme Court's decision in McQuiggin might allow a petition to be considered despite its untimeliness. The district court accepted the R&R, dismissed the petition, and denied a certificate of appealability on September 16, 2021.

McCants then filed an objection to the R&R, arguing that he had in fact raised a claim of actual innocence. He cited our decision in Balthazar v. Superior Court, 573 F.2d 698, 702 (1st Cir. 1978) [hereinafter Balthazar (1st Cir.)], to argue that the statute prohibiting unnatural and lascivious acts was unconstitutionally vague when he was convicted, and thus he was convicted of conduct that was not a crime.

- 7 -

The district court overruled the objection and dismissed McCants's petition again on November 16, 2021, reasoning that McCants had "failed to present compelling evidence of his innocence" in part because he presented "no evidence, new or old" on whether the conduct forming the basis of the conviction for unnatural and lascivious acts was consensual. The district court nevertheless granted a certificate of appealability on April 7, 2022. It stated that "[r]easonable jurists can debate" whether the new rule established in Balthazar (SJC) -- which excluded consensual private conduct from the reach of the unnatural and lascivious acts statute -- applies retroactively to McCants's collateral challenge.

We read the district court's order to imply that the question is whether that new rule applies because, if it does, McCants might make a showing of actual innocence that would allow his petition to be heard although it is untimely. We therefore find that the certificate allows us to consider the actual innocence question as a whole. See Holmes v. Spencer, 685 F.3d 51, 58 (1st Cir. 2012) (considering a question on appeal from a denial of a habeas petition because it was "fundamentally intertwined" with the question on which a certificate of appealability was granted). In any event, to the extent that the certificate of appealability in this case did not encompass McCants's claim that his untimely filing may be excused due to a

showing of actual innocence, this panel may sua sponte expand the certificate, especially where (as here) the issue was adequately briefed by the parties.  Id.

**II.**

**A.**

We review a district court's dismissal of a petition for a writ of habeas corpus de novo.  Dorisca v. Marchilli, 941 F.3d 12, 17 (1st Cir. 2019) (concluding that where district court was not asked to, and did not, hold evidentiary hearing, review of dismissal was de novo).  In this case, we review the district court's determination that McCants's petition was untimely and that he has made no showing that would allow the court to excuse that untimeliness.

**1.**

There is a one-year statute of limitations on filing a petition for a writ of habeas corpus for someone who, like McCants, is "in custody pursuant to the judgment of a State court."[3]  28 U.S.C. § 2244(d)(1).  That limitation runs from the latest of four different events specified in the statute.  Id.  If a petitioner

---

[3]  There is no dispute that McCants is physically in the custody of the Commonwealth of Massachusetts.  However, the parties dispute, and we express no opinion on, whether he is "in custody" on the relevant conviction for purposes of the federal statutory requirement.  See Daniels v. United States, 532 U.S. 374, 384 (2001); Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 401–02 (2001).

fails to file within any of those time frames, a court may apply equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Alternatively, if a petitioner makes a "credible showing of actual innocence," an equitable exception can excuse lack of compliance with the statute of limitations. McQuiggin, 569 U.S. at 392.

### 2.

McCants concedes that his petition was filed "beyond any of the limitation periods set out in 28 U.S.C. § 2244(d)(1)." He also does not pursue any argument that equitable tolling should be applied. Thus, McCants's failure to file within the time limit can only be excused if he qualifies for the actual innocence exception.

The Supreme Court established this exception in McQuiggin, holding that a showing of actual innocence can serve as a "gateway" that allows an otherwise time-barred petition to be considered. 569 U.S. at 386. To pass through this gateway, the Court held, a petitioner must meet the standard articulated in Schlup v. Delo, 513 U.S. 298 (1995): The petitioner must show that "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"

- 10 -

McQuiggin, 569 U.S. at 395 (alteration in original) (quoting Schlup, 513 U.S. at 329). The Court "stress[ed] . . . that the Schlup standard is demanding." Id. at 399, 401. Further, it cautioned that while delay did not disqualify a petitioner from making an actual innocence claim, a reviewing court can consider the length and timing of any delay in evaluating the claim, and a delay might weigh against a petitioner in certain circumstances. Id. at 399-400. The Court concluded by admonishing that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 401 (quoting Schlup, 513 U.S. at 316).

While McQuiggin made clear that the actual innocence gateway may be available where a petitioner proffers new evidence that meets the Schlup standard, McCants offers no new evidence. Rather, he claims that the SJC's ruling that the statute under which he was convicted "must be construed to be inapplicable to private, consensual conduct of adults" renders him actually innocent, Balthazar (SJC), 318 N.E.2d at 481, or alternatively that this circuit's ruling that the statute was unconstitutionally vague prior to 1972 has the same effect, Balthazar (1st Cir.), 573 F.2d at 702.

The Supreme Court, in Bousley v. United States, 523 U.S. 614, 623-24 (1998), held that a change in law -- rather than new evidence -- could provide the basis for an actual innocence claim to overcome a procedural default that would otherwise defeat a petition for relief under 28 U.S.C. § 2255, which governs federal prisoners' habeas petitions. It noted, though, that the petitioner would have to meet the Schlup standard as applied to the claimed changed law in order to succeed on his actual innocence claim. See Bousley, 523 U.S. at 623. At least one circuit has relied on Bousley to allow an actual innocence exception to the statute of limitations bar in a section 2254 proceeding where a petitioner "show[s] in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime." Vosgien v. Persson, 742 F.3d 1131, 1134-35 (9th Cir. 2014). The state in this case says that it "does not concede that a change in state law may always open the actual-innocence gateway in a section 2254 case" (emphasis added). But the issue is whether such a change can open the door in this particular section 2254 case. On that issue the state takes no position. Instead, it argues that even if Bousley applies fully to an attempt to avoid the limitations bar in this section 2254 case -- and even if Balthazar (SJC) applies retroactively to McCants -- McCants loses because he fails to show, as required by Bousley, that "in light of all the evidence," "it is more likely than not that no reasonable juror would have

convicted him."  523 U.S. at 623 (quoting Schlup, 513 U.S. at 327-28).  As we will explain, we agree.

**B.**

**1.**

McCants's principal claim of innocence goes as follows: the available description of the evidence admitted at his trial "strongly suggests that consent was the only contested issue on the rape charges"; therefore, the subsequent acquittal on the rape charges "strongly suggest[s]" that the jurors found that the alleged victims consented to intercourse with McCants; thus, had the jury been instructed that lack of consent was also an element of the unnatural and lascivious acts charges, acquittals on those charges would have resulted as well; and Balthazar (SJC), decided shortly after McCants's trial, confirmed for the first time that lack of consent was such an element. See 318 N.E.2d at 481 (holding that Mass. Gen. Laws ch. 272, § 35 "must be construed to be inapplicable to private, consensual conduct of adults").[4]  Thus, McCants argues, it is more likely than not that no reasonable juror would have voted to convict him on the unnatural and lascivious acts charges if a consent instruction had been given, as required

_____

[4] We reject the state's argument that McCants waived any claim of innocence based on Balthazar (SJC).  We are required to construe pro se filings liberally, and McCants raised the consent issue in his habeas petition.  Moreover, the district court granted a certificate of appealability on the specific question of whether Balthazar (SJC) applies retroactively.

- 13 -

after Balthazar (SJC).  See Commonwealth v. Reilly, 363 N.E.2d 1126, 1127 (Mass. App. Ct. 1977).

We see several flaws in this argument.  For present purposes it suffices to say that the argument relies too much on conjecture to posit what would have happened at trial had the government been required to prove a lack of consent for the alleged unnatural and lascivious acts.  McCants's argument can be seen as essentially asserting that if a person consents to intercourse, then that person also consents to more or less any other sex act in which two adults might engage.  Certainly many reasonable jurors would reject such a categorical presumption.  And any context-specific showing that would render such a presumption more probable in a particular case would turn on specific facts and circumstances, including the nature and timing of the acts, the parties' communications, and so on -- evidence of all of which is absent from the record.  See Bousley, 523 U.S. at 623; Riva v. Ficco, 803 F.3d 77, 85 (1st Cir. 2015) (noting admonition to "consider a claim of actual innocence 'in light of all the evidence'" (quoting Schlup, 513 U.S. at 328)).

McCants asserts that he has done enough by presenting what he contends is a reasonable inference, noting that on a motion to dismiss his habeas petition the court must draw all reasonable inferences in his favor.  But this does not mean that a court is required to accept McCants's desired conclusion regarding the

meaning of a jury verdict handed down fifty years ago, especially absent any facts or evidence from which to draw that conclusion. Nor does he claim that he will be able to present any more reliable evidence of events that transpired fifty years ago. This strikes us as a step beyond a reasonable inference. Cf. Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970) (explaining that "[t]he petition should set out substantive facts that will enable the court to see a real possibility of constitutional error," because "[w]ere the rule otherwise, every state prisoner could obtain a hearing by filing a complaint composed . . . of generalizations and conclusions").

In any event, the standard for accessing the actual innocence gateway has been described as "demanding," and successful claims of actual innocence "rare." McQuiggin, 569 U.S. at 386, 401. Given these admonitions, we think something more is needed than the unsupported and speculative conclusion McCants attempts to draw. Nor does the labeling of the state's challenge to McCants's petition as a motion to dismiss relieve McCants of his obligation to state facts that point to a "real possibility of constitutional error." Rules Governing § 2254 Cases, Rule 4 advisory comm. note (quoting Aubut, 431 F.2d at 689); see id. Rule 2(c) (mandating that petition must "specify all the grounds for relief available to the petitioner," and must "state the facts supporting each ground"); see also Mayle v. Felix, 545 U.S. 644,

- 15 -

655 (2005) (noting higher pleading standard when evaluating application of Federal Rule of Civil Procedure 15 in habeas proceedings).

McCants bears the responsibility for the lengthy delay that has rendered a record unavailable. And while a supported claim of actual innocence may prevent a delay from itself serving as a bar, we are not willing to let a petitioner exploit that delay to undo a verdict by advancing tenuous speculation that can no longer be reliably evaluated against other evidence in the record. See McQuiggin, 569 U.S. at 399-400 (explaining that reviewing court can take delay into account when evaluating actual innocence claim); see also Schlup, 513 U.S. at 332 (noting that a court may consider how the timing of the habeas submission may bear on the reliability of the claim). Thus, even assuming that Balthazar (SJC) applies retroactively on collateral review, and that it could serve as the basis for a section 2254 claim, McCants has not asserted a plausible claim of actual innocence based on this case.[5]

---

[5] For similar reasons, McCants's claim that he is entitled to a new trial based on the SJC's decision in Commonwealth v. Hill, 385 N.E.2d 253 (1979), is unavailing. In Hill, the SJC remanded a case on direct appeal for a new trial where the petitioner had been convicted of unnatural and lascivious acts, but acquitted of rape. Id. at 256. Even setting aside the difference in posture, in Hill the SJC had information about the proceedings below, such as what instructions the jury heard. Id. As we have described, similar information is not available regarding McCants's case.

- 16 -

**2.**

McCants's other theory for establishing actual innocence attacks the clarity of the statute prohibiting unnatural and lascivious acts as it had been construed at the time of his conviction. In Balthazar (1st Cir.), we affirmed the grant of habeas relief to the defendant, who was convicted of forcing another to engage in nonconsensual fellatio in violation of the statute criminalizing unnatural and lascivious acts. Balthazar (1st Cir.), 573 F.2d at 699. We found that at the time of Balthazar's conduct, the unnatural and lascivious acts statute was unconstitutionally vague because "the language of the statute . . . had no well defined, well understood and generally accepted meaning," and "it had not been defined with sufficient particularity by judicial construction or applied to petitioner's conduct." Id. at 702. We thus affirmed Balthazar's release. McCants argues that the determination that section 35 was unconstitutionally vague applies equally to him, so he is actually innocent because "he could not be convicted for violating an unconstitutionally vague statute."

We see several flaws in this argument as well. Most notably, although Balthazar (1st Cir.) found that the statute prohibiting unnatural and lascivious acts was unconstitutionally vague in July 1972 -- when Balthazar committed his acts -- it also clarified that "subsequent decisions narrowing the definition of

- 17 -

conduct proscribed" by the unnatural and lascivious acts statute had "render[ed] the statute sufficiently precise to survive a constitutional vagueness attack as applied today to the same conduct." Id.; see Balthazar v. Superior Ct., 428 F. Supp. 425, 434 (D. Mass. 1977). Balthazar (1st Cir.) noted that in December 1972, a Massachusetts appeals court affirmed a conviction under the unnatural and lascivious acts statute for nonconsensual fellatio. Commonwealth v. Deschamps, 294 N.E.2d 426, 428-29 (Mass. App. Ct. 1972). McCants committed his acts and was convicted after the Deschamps decision came down.[6]

The district court recognized the significance of this timing in its order granting a certificate of appealability, explaining that because McCants was convicted after Deschamps, at the time he acted he "had notice that fellatio was statutorily prohibited" under the unnatural and lascivious acts statute. We agree. Although McCants argues that Deschamps broke no new ground, both Balthazar (1st Cir.) and Balthazar (SJC) treated Deschamps as providing sufficient notice for constitutional vagueness purposes that nonconsensual fellatio was prohibited under the statute. See Balthazar (1st Cir.), 573 F.3d at 702; Balthazar (SJC), 318 N.E.2d at 481. McCants might conceivably be able to claim that the law

---

[6] The record conflicts as to whether McCants committed his acts in December 1973 or January 1974. Regardless, the acts postdate the decision in Deschamps, which came down in December 1972. 294 N.E.2d at 426.

was unconstitutionally vague as applied to consensual fellatio. But this alternative theory of actual innocence ultimately leads right back to the question of consent; namely, whether McCants has a suitable basis for contending that in light of all the evidence, no reasonable juror would have convicted him had the government been required to prove lack of consent. And without a transcript or any other records from his trial, McCants has no way to make such a showing. McCants has therefore failed to show that he makes out a claim of actual innocence based on his assertion that the statute was unconstitutionally vague at the time of his conviction.

## III.

Because we conclude that McCants could not establish that he qualifies for the actual innocence gateway under the exception defined in McQuiggin even if the gateway applied in a section 2254 proceeding to a claim of innocence based on a change in law, we find that his failure to timely file his habeas petition may not be excused on this basis. Because McCants has conceded that his petition is not otherwise timely and he does not qualify for any other exception, we find that his habeas petition is time-barred. We need not consider the state's alternative argument that McCants is not "in custody" on the conviction he seeks to

challenge as required under 28 U.S.C. § 2254 and cases interpreting that requirement.

For the foregoing reasons, we affirm the order of the district court.