SUPERIOR COURT 
 
 IN RE REVO MG, LLC

 
 Docket:
 2484CV00307-BLS2
 
 
 Dates:
 April 15, 2025
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ALLOWING MOTION TO DISMISS AND COMPEL ARBITRATION
 
 

 Stephanie Nelson and Daniel Pagano are the only two Members and only two Managers of a company known as reVo MG, LLC. They each own one-half of the company. Nelson filed a complaint to dissolve reVo. Pagano was granted leave to intervene.
The LLC operating agreement includes a provision stating that any “Member Dispute” shall be resolved by binding arbitration before the American Arbitration Proceeding. Pagano asks the court to dismiss this action without prejudice and compel arbitration of the dispute as to whether reVo should be dissolved. Nelson contends that this mandatory arbitration provision does not apply because she filed this action in her capacity as a Manager, not as Member.
The Court concludes that whether the dispute is arbitrable must itself be decided by a AAA arbitrator. It will therefore allow Pagano’s motion to compel arbitration and to dismiss this action without prejudice.
“Arbitration is strictly ‘a matter of consent,’ … and thus ‘is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration’ ” (emphasis in original). Granite Rock Co. v. International Broth. of Teamsters, 561 U.S. 287, 299 (2010), quoting Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989) (“matter of consent”), and First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) (“only those disputes”).
The threshold issue of whether parties to a contract have agreed to arbitrate a particular dispute, often called a question of “arbitrability,” “is ordinarily for a court to decide, and courts will not defer that issue to arbitration absent ‘clear and unmistakable evidence’ that the parties agreed to do so” (cleaned up). Merrimack College v. KPMG LLP, 88 Mass. App. Ct. 803, 808, review denied, 473 Mass. 1112 (2016), quoting Massachusetts Highway Dept. v. Perini Corp., 83 Mass. App. Ct. 96, 100-01, rev. denied, 465 Mass. 1107 (2013), and First Options of
 
                                                            -1-
 
Chicago, 514 U.S. at 944. Thus, when it comes to questions of arbitrability, “the usual presumption in favor of arbitration is reversed.” Perini Corp., supra.
The LLC Agreement adopted by Nelson and Pagano provides that, “in the event of any dispute or disagreement” between them “arising out of, relating to or in connection with this Agreement or the LLC or its organization, formation, business or management” shall be subject to binding arbitration under the AAA’s commercial arbitration rules.
The AAA rules, in turn, state that “[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.” See AAA Comm’l Arb. R. 7(a).[1]
By incorporating AAA Rule 7(a) into the LLC Agreement, the parties clearly and unmistakably agreed that an arbitrator must decide whether a particular dispute that arguably is covered by that contract’s arbitration clause is in fact arbitrable. See Awuah v. Coverall North America, Inc., 554 F.3d 7, 9-12 (1st Cir. 2009) (applying Federal Arbitration Act). Every other United States Court of Appeals to address the issue has reached the same conclusion as the First Circuit. See Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005); Richardson v. Coverall North America, Inc., 811 Fed.Appx. 100, 103–104 (3d Cir. 2020); Simply Wireless, Inc. v. T-Mobile US, Inc., 877 F.3d 522, 527-528 (4th Cir. 2017); Petrofac, Inc. v. DynMcDermott Petroleum Operations Co., 687 F.3d 671, 675 (5th Cir. 2012); Blanton v. Domino’s Pizza Franchising LLC, 962 F.3d 842, 844–846
 
--------------------------------------------
 
[1] The AAA publishes its commercial arbitration rules on its website. See https://www.adr.org/sites/default/files/CommercialRules_Web_1.pdf .
The Court will take judicial notice of this AAA rule because it is “capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.” Commonwealth v. Greco, 76 Mass. App. Ct. 296, 301 n.9, rev. denied, 457 Mass. 1106 and 458 Mass. 1105 (2010), quoting Mass. Guide Evid. § 201(b)(2); accord Robbins v. B and B Lines, Inc., 830 F.2d 648, 651 (7th Cir. 1987) (taking notice of AAA Commercial Arbitration Rules pursuant to Fed. R. Evid. 201 because they were incorporated by reference in pension fund’s rules that were in evidence and were “referred to by both parties in their briefs”); Boston Public Health Comm’n v. Boston Emergency Medical Services-Boston Police Patrolmen’s Ass’n, no. 13-P-1114, 2014 WL 2776854, at *2 n.6 (Mass. App. Ct. 2014, unpublished) (taking judicial notice of the AAA’s Labor Arbitration Rules).
 
                                                            -2-
 
(6th Cir. 2020); Fallo v. High–Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009); Brennan v. Opus Bank, 796 F.3d 1125, 1130-1131 (9th Cir. 2015); Belnap v. Iasis Healthcare, 844 F.3d 1272, 1281-1284 (10th Cir. 2017); Terminix Int'l Co. v. Palmer Ranch LP, 432 F.3d 1327, 1332 (11th Cir. 2005); Republic of Arg. v. BG Grp. PLC, 665 F.3d 1363, 1371 (D.C. Cir. 2012); Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1373 (Fed. Cir. 2006). The Court agrees with this persuasive federal precedent. Cf. Commonwealth v. Pon, 469 Mass. 296, 308 (2014) (Massachusetts courts “give respectful consideration to such lower Federal court decisions as seem persuasive”) (quoting Commonwealth v. Hill, 377 Mass. 59, 61 (1979).
Nelson’s claims in this action are arguably covered by the LLC agreement’s arbitration clause. Therefore, an arbitrator must determine whether the parties’ dispute is arbitrable.
ORDER
Defendant’s    motion to         dismiss            and      compel arbitration        is          allowed. Final judgment shall enter dismissing this action without prejudice.